UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCCAIN, | : | Civil No. 1:12-CV-789 |
| Plaintiff, | : | |
| v. | : | ( Judge Rambo) |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on two requests to appoint counsel for the plaintiff, a *pro se* litigant. (Docs. 36 and 38.) The plaintiff has asked the Court to appoint counsel at an early stage of this litigation while there is still pending before the court a motion to dismiss this complaint. We also note that the judge previously assigned to this case, Magistrate Judge Smyser, denied two prior motions for appointment of counsel in this matter. (Docs. 9, 10 and 13.)

We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to

employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to assess the first benchmark standard we must address, the question of whether the plaintiff's claims have arguable legal merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to conduct this merits analysis in this matter. Moreover, while we understand that the plaintiff doubtless faces some obstacles in bringing this action, to date the plaintiff has demonstrated an ability to effectively

present his own case. Furthermore, the actual investigation that the Plaintiff has to do is minimal, since the pleadings show that the plaintiff is fully aware of the bases for these claims against the Defendants.

Taking all of these factors into account we DENY these requests to appoint counsel (Docs. 36 and 38), at this time without prejudice to re-examining this issue as this litigation progresses.

SO ORDERED, this 7th day of September, 2012.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge
