# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR HAKIM MCCAIN a/k/a JOHN MCCAIN, | : : : | CIVIL ACTION NO. 1:12-CV-00789 |
| Plaintiff | : : | (Judge Rambo) |
| v. | : : | |
| JOHN E. WETZEL, *et al.*, | : : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Amir Hakim McCain a/k/a John McCain ("McCain"), a state prisoner currently being held at SCI Forest, brings this civil action pursuant to 42 U.S.C. § 1983. The matter is proceeding *via* McCain's second amended complaint. Pending before me is the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I recommend that the defendants' motion be granted.

## I.  Background and Procedural History.

McCain initiated this action on April 27, 2012, when he filed his initial complaint against the following 11 defendants: (1) John Wetzel ("Wetzel"), the Secretary of the Pennsylvania Department of Corrections ("DOC"); (2) Keri Moore ("Moore"), a grievance review officer for the DOC; (3) James Barnacle ("Barnacle"), the director of the DOC's Office of Special Investigations and

Intelligence; (4) Joseph Nish ("Nish"), the former Superintendent at SCI Waymart; (5) Joseph Vinansky ("Vinansky"), the Superintendent's Assistant at SCI Waymart; (6) Thomas Roegner, a corrections officer at SCI Waymart; (7) David Nevins ("Nevins"), a corrections officer at SCI Waymart; (8) Jody Smith ("Smith"), a Lieutenant Officer at SCI Waymart; (9) Brian Coleman ("Coleman"), the Superintendent at SCI Fayette; (10) Rhonda House ("House"), the Superintendent's Assistant at SCI Fayette; and (11) Adam Crumb ("Crumb"), a Lieutenant Officer at SCI Fayette. *Doc.* 1. Generally, McCain claimed that the defendants retaliated against him because he sought to bring criminal charges against certain prison officials; that the retaliation included sexual assaults in connection with strip searches and destruction of his legal property; and that the destruction of his legal property further resulted in a violation of his right of access to the courts. *See id.*

Along with his compliant, McCain filed a motion to proceed *in forma pauperis*. *Doc.* 2. On May 4, 2012, Magistrate Judge Smyser granted McCain's motion and ordered the United States Marshal's Service to serve McCain's complaint on the named defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Doc.* 7.

After the defendants were properly served, they filed a motion to dismiss the complaint for failure to state a claim. *Doc.* 20. When the motion became ripe for

review Chief Magistrate Judge Carlson recommended that the motion be granted in part and denied in part. *Doc.* 50. Specifically, Judge Carlson found that: (1) the defendants failed to prove that McCain did not exhaust his administrative remedies with respect to the sexual assault claims; (2) McCain failed to state an access-to-courts claim; (3) McCain failed to allege a due process claim with respect to the footlocker allegedly damaged by Nevins and his damaged legal materials; and (4) McCain failed to state a claim against Wetzel, Moore, Barnacle, Nish, Vinansky, Smith, Coleman, and House for their alleged failure to properly address his grievances and complaints about the actions of the other defendants. *Id.* Judge Carlson further recommended that McCain be granted leave to file an amended complaint. *Id.* On December 19, 2012, the Court adopted Judge Carlson's Report and Recommendation in its entirety. *Doc.* 64. Pursuant to the same Order, this matter was referred to me. *Id.*

After several unsuccessful attempts, McCain filed his amended complaint on February 20, 2013. *Doc.* 73. In the amended complaint, McCain claimed only that: (1) Nevins and Crumb destroyed certain legal documents that ultimately resulted in a violation of his right of access to the courts; and (2) Wetzel, Moore, Nish, Vinansky, Coleman, and House denied him access to the courts in retaliation

for filing criminal charges against Roegner, Nevins, and other prison officials.[1] On March 4, 2013, the defendants filed a second motion to dismiss for failure to state a claim. *Doc.* 77. When the motion became ripe for review, I recommended that it be granted because McCain failed to allege any conduct on part of Wetzel, Moore, Nish, Vinansky, Coleman, and House, and because McCain failed to sufficiently plead a claim for denial of access to the courts. *See Doc.* 108. Despite the pleading deficiencies contained in McCain's amended complaint, I also recommended that McCain be given leave to amend for a second occasion. *Id.* On July 10, 2013, the Court adopted my Report and Recommendation, *Doc.* 115, and, after several extensions of time, McCain filed his second, final, amended complaint. *Doc.* 131.[2]

---

[1] McCain, who made no reference to, nor incorporated, his initial complaint, abandoned all other claims previously raised. *See West Run Student Housing Assoc., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013)("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'")(quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)).

[2] Along with his second amended complaint, McCain filed a brief further detailing, and often adding to, his claims. *See Doc.* 132. This brief, though, should be disregarded. Not only does the brief ultimately request relief that the Court already granted, *see id.* at 20, in the form of leave to file a second amended complaint, but it is axiomatic that a complaint cannot be amended through a brief. *See Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173 (3d Cir. 1988). While the rule is typically enforced when a party attempts to amend a complaint in a brief-in-opposition to a motion, *see id*, there is no reason why the rule should not

According to McCain, he was convicted on April 19, 1991, and sentenced to serve 21-60 years' imprisonment for committing sex crimes.[3] On November 19, 2010, while he was imprisoned at SCI Waymart, Nevins destroyed McCain's DNA medical reports, a "75-48 police report," and "pertinent legal documents" that he had planned on using in a petition for post-conviction relief, challenging his 1991 conviction. McCain further claims that Nevins informed him that Crumb had actually destroyed those same documents once they were shipped to SCI Fayette.

Later, in December 2010, Crumb allegedly informed McCain, *via* a grievance response, that he (Crumb) had actually inspected McCain's legal documents prior to McCain's transfer to SCI Fayette. After the documents were inspected, according to Crumb, they were re-sealed and sent out for distribution to McCain.[4] McCain, though, never received those documents and claims that Nevins and Crumb destroyed them.

---

apply with equal force in a situation such as this one, where the plaintiff has filed his pleading but appears to be adding to it by filing a supporting brief. As the Third Circuit stated in *Zimmerman*, "[i]t is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." *Id.* at 181.

[3]    In accordance with the Rule 12(b)(6) legal standard, I will accept all factual allegations as true and construe the complaint in the light most favorable to McCain. *See, infra*, Part II.

[4]    Although he does not appear to raise this as one of his claims for relief, McCain avers that the inspection and distribution procedures that were utilized at SCI Fayette violated DOC Policy DC-153(f)(5).

Against this backdrop, McCain further maintains that the DNA medical reports indicated that both he and the victim had genital herpes, and that his now deceased girlfriend was pregnant with his child when he committed the crimes for which he was convicted. McCain alleges that those documents would prove his actual innocence, and primarily relies upon questions from "two male jurors," who purportedly asked McCain's trial counsel if there was proof that McCain contracted herpes from the victim. Moreover, contrary to the Commonwealth's argument at his criminal trial, McCain maintains that there was, indeed, evidence that his now deceased ex-girlfriend was pregnant at the time he committed the crimes for which he was convicted. Accordingly, without the evidence which was allegedly destroyed, McCain claims that he was denied access to the courts because he cannot now prove his actual innocence. McCain also claims that Nevins and Crumb "retaliated against him for filing criminal charges against [their] co-workers…." *Doc.* 131 at ¶¶ 9, 11.

In addition to the aforementioned claims and allegations against Nevins and Crumb, McCain reasserts his Eighth Amendment sexual assault and retaliation claims against Roegner. To quote from McCain's second amended complaint: "[Roegner] sexually assaulted [him] inserting his 'cut fingers' that were 'bleeding' inside [his (McCain's)] anal cavity … coming from the law library and showers during each strip [search]." *Id.* at ¶ 7.

Last, McCain alleges that Wetzel, Moore, Nish, Vinansky, Coleman, and House retaliated against him by failing to act in the face of his grievances relating to the destruction of his legal documents. According to McCain, these defendants retaliated against him because he filed criminal charges against Roegner, Nevins, "and other prison officials." Moreover, due to the defendants' alleged failure to act in the face of the complaints made, McCain claims that these defendants also operated to deny him access to the courts.

By way of remedy, McCain seeks relief that he has already received, in the form of leave to file a second amended complaint. McCain also requests that the defendants pay for DNA testing and for damages for the destroyed legal documents.

On October 7, 2013, the defendants filed a dismissal motion, their third in this case, for failure to state a claim. *Doc.* 134. Along with their motion, the defendants filed a timely brief-in-support. *Doc.* 135. Following an extension of time, McCain filed a timely brief-in-opposition. *Doc.* 150.[5] Thereafter, the defendants filed a timely reply brief. *Doc.* 157. The motion, having been fully briefed by the parties, is ripe for disposition on the merits.

---

[5]   To the extent that McCain attempts to introduce new claims or allegations through the submission of his brief-in-opposition, such attempts shall be disregarded. As previously noted, it is axiomatic that a complaint cannot be amended through a brief. *See Zimmerman*, *supra*, 836 F.2d 173 (3d Cir. 1988).

## II.     Legal Standard.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that a claim is facially plausible so as to permit a District Court to draw the reasonable inference that a defendant is liable for the alleged misconduct. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In other words, a plaintiff must plead more than the mere possibility of relief to survive a motion to dismiss.  To accomplish this task "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(holding that a pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."); *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). Indeed, following *Iqbal* and *Twombly*, a plaintiff must now show that the allegations of his or her complaint are plausible. *Iqbal*, 556 U.S. at 677-78; *Fowler*, 578 F.3d at 211 ("A complaint has to 'show' entitlement with its facts.")(citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

With respect to the role of a District Court placed in the position of reviewing a plaintiff's complaint in connection with the federal pleading standard, it must conduct a two-part analysis. *Fowler*, 578 F.3d at 210. First, the factual and legal elements of a claim should be separated; the District Court must accept all of the plaintiff's well-pleaded facts as true, but shall disregard any legal conclusions. *Id.* (citing *Iqbal*, 556 U.S. at 678); *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Baraka*, 481 F.3d at 195. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 210 (citing *Iqbal*, 556 U.S. at 678). "This 'plausibility' determination will be a 'context-specific task that requires the [District Court] to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

Additionally, in a case such as this, a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013).

**III.    Discussion.**[6]

McCain brings this action, against all of the defendants pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F.Supp.2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002)). To establish a claim under this section, a plaintiff must show that (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or

---

[6]    The defendants do not address McCain's First Amendment retaliation claim or Eighth Amendment sexual assault claim against Roegner. Accordingly, I will not address those claims herein, and recommend that they proceed. Furthermore, contrary to the defendants' argument in their supporting brief, *Doc.* 137 at 5-8, I find that McCain's second amended complaint should not be wholly dismissed because McCain, a *pro se* plaintiff, has not artfully drafted an amended complaint. As stated in the legal standard, *supra*, *pro se* pleadings are to be liberally construed. While McCain's second amended complaint is somewhat disjointed, it is not completely unclear or unintelligible. Whether McCain has sufficiently stated a claim for relief, however, is a separate question that will be discussed in this Report and Recommendation.

immunity secured by the Constitution or laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). As the Third Circuit has explained: "[t]he first step in evaluating a [S]ection 1983 claim is to identify the exact contours of the underlying right said to have been violated and to [then] determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013)(*en banc*)(internal quotations and quoted case omitted).

Here, none of the moving defendants dispute that they were acting "under color of state law." Thus, whether McCain's claims survive depend on the nature of such claims and whether he has sufficiently pled facts to plausibly show the existence of a constitutional violation.

**A. Retaliation Claims.**

Under the First Amendment, governmental actors are prohibited from "abridging the freedom of speech ... or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. Liberally construing McCain's pleading, as I am required to do, McCain claims that Nevins and Crumb destroyed his legal documents in retaliation for having filed criminal charges against other DOC employees. Similarly, McCain claims that Wetzel, Moore, Nish, Vinansky, Coleman, and House retaliated against

him, for having filed criminal charges against their co-workers, also DOC employees, by failing to act in the face of his grievances relating to the destruction of his legal documents. As indicated, each of these retaliation claims are guided by First Amendment jurisprudence.

It is well-established that retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. *See Allah v. Seiverling*, 229 F.3d 220, 224–25 (3d Cir. 2000). Individuals claiming unconstitutional retaliation must show that (1) they engaged in conduct protected by the First Amendment, (2) they suffered an "adverse action" by government officials, and (3) impairment of the expressive conduct was "a substantial or motivating factor" for the official action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Briener v. Litwhiler*, 245 F.Supp.2d 614, 632 (M.D. Pa. 2003). To state the third element differently, a plaintiff must sufficiently demonstrate a "causal link between constitutionally protected action and the adverse action taken…." *Ambrose v. Twp. of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002).

Here, assuming for the sake of argument that McCain satisfies the first and second elements, McCain has failed to demonstrate a causal link between any constitutionally protected action in which he engaged and the alleged adverse actions taken against him by the defendants. Generally, a plaintiff "may demonstrate causation through a 'pattern of antagonism' following the plaintiff's

protected conduct or unusually suggestive temporal proximity" between the protected and retaliatory conduct. *Motto v. Wal–Mart Stores East, LP*, No. 11–2357, 2013 WL 1874953, at \*8 (E.D. Pa. May 13, 2013) (quoting *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920–21 (3d Cir. 1997)). In doing so, a plaintiff must provide "a chronology of events from which retaliation may be inferred." *Bendy v. Ocean Cnty. Jail*, 341 F. App'x 799, 802 (E.D. Pa. 2009) (citations and internal quotations omitted). McCain, however, does not provide a chronology of events from which retaliation may be inferred, much less any pattern of antagonism. McCain, instead, conclusively avers that all of the moving defendants retaliated against him after he had, at some point, filed criminal charges against their fellow DOC employees. Thus, McCain fails to properly state a claim for which relief could be granted under the First Amendment, and his retaliation claims against Nevins, Crumb, Wetzel, Moore, Nish, Vinansky, Coleman, and House should be dismissed.[7]

### B. Access-to-Courts Claims.

Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *Monroe v. Beard*, 536 F.3d 198, 203 (3d Cir. 2008)(citing

---

[7] Wetzel, Moore, Nish, Vinansky, Coleman, and House do not directly address this claim in support of their motion to dismiss; instead, they argue that the alleged conduct engaged in by them does not give rise to any constitutional violation period. *See* Doc. 137 at 10-11. Regardless, McCain fails to sufficiently state a retaliation claim under the First Amendment.

*Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong. *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).

In the present action, McCain sets forth that Nevins and Crumb have denied him access to the courts when they allegedly destroyed his legal documents that would have helped prove his actual innocence. In a similar vein, McCain claims that Wetzel, Moore, Nish, Vinansky, Coleman, and House effectively denied him access to the courts by allegedly failing to act in the face of his complaints and grievances about the destruction of his legal documents.

On an access-to-courts claim, "prisoners may only proceed … in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Monroe*, 536 F.3d at 205. "However unsettled the basis of the constitutional right of access to courts, [the] cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Harbury*, 536 U.S. at 415. A plaintiff, therefore, must allege an actual injury by identifying a nonfrivolous, arguable underlying claim blocked or lost by the alleged denial of access to the courts. *Id.* Accordingly, like any other element, the underlying cause of action "must be

addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. To that end, prisoners must describe the underlying arguable claim well enough to show that it is based on "more than mere hope," and they must also describe the "lost remedy." *See id.* at 416-17.

Here, as before, *see Doc.* 108 at 18, McCain has not sufficiently shown that his underlying actual-innocence claim is based on more than mere hope. While the legal documents allegedly destroyed could have assisted him at his criminal trial, with respect to the weight of the evidence, the same documents would not functionally operate on post-conviction review to exonerate him. McCain, moreover, does not sufficiently allege in his second amended complaint that either fact is true (i.e. that he did not commit the crime or that the sexual act was consensual) or how such lost evidence would have proven his innocence. McCain, instead, loosely infers that the destroyed documents are tied to his actual innocence claim.

McCain also fails to demonstrate that he lost a judicial remedy. As the defendants point out, in order to raise a post-conviction challenge to a criminal conviction imposed by a state court in Pennsylvania, a petition must be filed within one year of the date when the conviction became final. If the petition is filed after that one-year deadline, the petition must allege and the petitioner must prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*See* 42 Pa. C.S. § 9545(b)(1)(i)-(iii). Moreover, "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented," § 9545(b)(2), and "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." § 9545 (b)(3).

Here, McCain was sentenced for certain sex crimes nearly 22 years ago, on April 19, 1991.[8] Given that his conviction has been final for many years now,

---

[8] Although the defendants provide the Court with a copy of the docket sheet in *Commonwealth v. McCain*, No. CP-51-CR-0546551-1990 (*Doc.* 134-2), I take judicial notice of an updated version of the same, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

McCain must demonstrate that one of the three exceptions applies to get into a Pennsylvania state court and challenge his criminal convictions.

In this civil action, McCain does not allege that any of the three exceptions apply in order to infer that he lost a judicial remedy. Furthermore, two years before his legal documents were allegedly destroyed, McCain had filed a petition for post-conviction relief in the Pennsylvania state courts.[9] Said petition, however, was denied as untimely filed, and McCain does not otherwise allege that he has legitimate arguments that he could raise in order to overcome the statute of limitations issue in a subsequent petition for post-conviction relief.[10] Accordingly,

---

[9] According to McCain, his legal documents were not destroyed until, at least, November 19, 2010. *See Doc.* 131 at ¶ 4. McCain's docket sheet further reflects that McCain filed his most recent petition for post-conviction relief on May 26, 2008.

[10] Contrary to the defendants argument, *Doc.* 117 at 9 n. 2, the one-year limitations period for filing a petition for post-conviction relief in Pennsylvania state courts does not apply to petitions for postconviction DNA testing. *See Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa. Super. Ct. 2011)("This court has consistently held the one-year jurisdictional time bar under [42 Pa. C.S. § 9545] does not apply to motions for DNA testing under Section 9543.1")(citations omitted). Petitions for post-conviction DNA testing are "clearly separate and distinct from claims brought pursuant to other sections of the PCRA." *Id.* (quoted case omitted).

At the same time, McCain has not only failed to sufficiently demonstrate that he is actually innocent, but he has also failed to allege that the "identity of or the participation in the crime by the perpetrator was at issue" in his criminal trial. *See* 42 Pa. C.S. § 9543.1 (c)(3)(i)-(ii)(requiring that the petitioner for post-conviction DNA testing present a *prima facie* case demonstrating several factors). Instead, the only inference that can be made from McCain's amended pleading is

McCain has not sufficiently demonstrated that he lost a judicial remedy so as to properly state an access-to-courts claim under the First and Fourteenth Amendments. McCain's access-to-courts claims, consequently, should be dismissed.

## IV. <u>Leave to Amend.</u>

The Third Circuit has taken a liberal approach to granting leave to amend pleadings, observing that leave should be granted freely in order to ensure that a particular claim is decided on "the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990). Furthermore, *pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245–46 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Dismissal without leave to amend, however, is justified on grounds of bad faith, undue delay, prejudice, or futility. *Alston*, 363 F.3d at 235–36.

In the case *sub judice*, I recommend that McCain not be granted leave to amend for a third time. Permitting McCain an opportunity to amend would not

---

that he contests whether the alleged sexual encounter was consensual; in other words, McCain does not appear to argue that he never engaged in sexual intercourse with the victim so as to question whether he was the perpetrator. Moreover, it is entirely unclear how the alleged destruction of McCain's legal documents in any way prevented him from filing, and proceeding on, a petition for post-conviction DNA testing. Thus, to the extent McCain is alleging that he was denied access to the courts to file this type of petition, his claim should be dismissed.

only be prejudicial to the moving defendants, who have been a part of this case since the original complaint was filed over two years ago, but it would also be futile. McCain has been given leave to amend on two other occasions, but he failed to cure the deficiencies contained in his pleadings. Furthermore, McCain has given me no reason to believe that leave to amend, for a third time, would bring him any closer to satisfying the federal pleading standards.

## V. Recommendations.[11]

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) All of the claims in McCain's second amended complaint, save the First and Eighth Amendment claims against Roegner, be **DISMISSED**;

(2) McCain not be granted leave to amend his complaint for a third time;

(3) The defendants' motion to dismiss (*Doc.* 134) be **GRANTED**; and

(4) The case **REMANDED** to the undersigned for further pre-trial proceedings on McCain's remaining claims against Roegner.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

---

[11] I make these recommendations mindful of McCain's unsupported assertions that he is "mentally incompetent as a rape victim." *See, e.g., Doc.* 150 at 7. While I take allegations of mental incompetence very seriously, I find that McCain has never provided the Court with "verifiable evidence," demonstrating that he is incompetent, which is what the Third Circuit requires. *See generally, Powell v. Symons*, 630 F.3d 301, 307 (3d Cir. 2012).

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **5th** day of **August, 2014**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
