IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMIR HAKIM MCCAIN** <br> **a/k/a JOHN MCCAIN,** : | **CIVIL NO. 1:12-CV-0789** |
| : | |
| Plaintiff : | (Judge Rambo) |
| : | |
| v. : | (Magistrate Judge Schwab) |
| : | |
| **JOHN E. WETZEL,** *et al.,* : | |
| : | |
| Defendants : | |

## **M E M O R A N D U M**

Before the court is a report and recommendation by the magistrate judge (Doc. 182) to whom this matter was referred in which she recommends that Defendants' motion to dismiss Plaintiff Amir Hakim McCain's civil action under 42 U.S.C. § 1983 be granted in part and denied in part. On September 8, 2014, McCain filed a brief objecting to portions of the report and recommendation (Doc. 193). He alleges that "he has suffered an irreparable injury as being mentally incompetent as a rape victim filing a final second amended complaint." (*Id.* at p. 1.) McCain further alleges that the magistrate judge "failed to timely rule on plaintiff's motion for protective order that was served on July 14, 2014." (*Id.*)

In Plaintiff's brief in support of his motion for protective order (Doc. 180), McCain seeks the following relief:

> WHEREFORE, plaintiff demand for an Order instructing the following: (a) Bob Rumick, RHIA Medical Records Supervisor to release plaintiff's mental health report to plaintiff written by Jeff Case to prepare for court as being incompetent as a rape victim, (b) Bob Rumick must send the court plaintiff's mental health report sealed, (c) grant a hearing within 30 days from the date of this motion to allow witness Rumick to testify regarding transmitting plaintiff's mental health records to attorney Chase Defelice and attorney Lindsey Bierzonski and (d) plaintiff are

> seeking for sanctions against defendants and damage for having his mental health records in the amount of $100,000 within 30 days from the date of this motion.

Defendants treated the motion for a protective order as a discovery motion and cited to documents 162, 167, 172, and 175, which stated that "discovery motions will not be entertained until the defendants' motion to dismiss is decided." (Doc. 181.) Plaintiff, in his reply, claims he is placed in a "catch 22 situation." (Doc. 189 at p. 2.) He claims that he needs a hearing to show that he is "mentally incompetent as a rape victim." (*Id.*) The only area that the court can deduce that a claim of incompetency is put forth pertains to an abandonment of some of his claims in his second amended complaint and is seeking to be allowed to file a third amended complaint. In the report and recommendation, the magistrate judge noted, "McCain, who made no reference to, or incorporated his initial complaint, abandoned all other claims previously raised." (Doc. 182 at p. 4 n.1 (citations omitted).) McCain requests that this portion of the report and recommendation "be vacated and remanded to allow the psychology department to testify . . . to ascertain whether he was competent to abandon his claims." (Doc. 193 at p. 11.) For that reason, he requests that the recommended denial to file a third amended complaint not be adopted, and that he be allowed to file a third amended complaint. (*Id.*)

The first time that McCain's mental condition was raised was by his motion for mental examination filed on November 19, 2013 in which McCain sought the following relief:

> [P]laintiff request to be granted following: (1) a court order to be transported to SCI-Graterford on December 18, 2013for the U.S. Marshals to transport plaintiff from SCI-Graterford on December 23, 2013 to the Philadelphia Federal Detention Center to be examined by their psychologist at 9:00 a.m. (2) the psychologist will

> determine whether plaintiff is mentally incompetent as a rape victim that was place in immient [sic] danger in drafting a correct final amended complaint of legal claims in short and concise of being denied access to the courts.

(Doc. 148 at p. 2.) McCain stated that his family will pay the Philadelphia Federal Detention Center to conduct the mental examination within thirty five days. (*Id.* at ¶ 6.)

The magistrate judge denied the request as Federal Rule of Civil Procedure 35(a)(1) permits a court to order a mental or physical examination only where a party to an action has his mental state called into controversy. Such is not the case here.

McCain filed an objection (Doc. 153) to the magistrate judge's order of November 19, 2013 (Doc. 149) in which the magistrate judge denied McCain's request that he be transported for a mental examination. This court treated the objection as an appeal from the magistrate judge's order. By order dated December 4, 2013, this court stated, "[w]hile this court will not interfere with McCain having a mental examination performed at his own expense, it will not order Mr. McCain transferred to another prison for the purpose of his examination. Said examination can be arranged to be performed where he is presently incarcerated." (Doc. 176.) Despite this order, McCain kept filing motions for an order requesting a transfer to the Philadelphia Federal Detention Center for a mental examination. The magistrate judge treated these requests as a motion for discovery, which were denied pending disposition of the pending motion to dismiss. (Docs. 167, 172.)

On April 14, 2014, McCain filed a "Motion for Objection to Magistrate Judge's Pretrial Order Dated April 1, 2014." (Doc. 176.) In that motion, McCain objected to the fact that the magistrate judge failed "to advise the Department of

3

Corrections that plaintiff be permitted to hire a psychologist for a mental examination at the Philadelphia Federal Detention Center." (*Id.*) By order of this court dated April 14, 2014 (Doc. 177), that issue was again addressed, McCain was reminded that the issue was addressed previously, and the relief requested had been denied.

Certainly as of April 14, 2014, and even by December 4, 2013 (Doc. 154), McCain knew that the court was not going to order his transfer to another institution for a mental examination. He knew that any examination would be done at his own expense and at the institution where he was confined. (Doc. 154.)

McCain has not filed any affidavit as to what the psychologist would testify as to his mental competency at the time he filed his second amended complaint, nor why he is now competent to file a third amended complaint. Nor has McCain complied with Middle District Local Rule 15.1 by filing a copy of a proposed amended pleading. He has been granted leave to amend his complaint on two prior occasions and has failed to satisfy the pleading standards.

McCain's objection to the report and recommendation that he was mentally incompetent at the time he filed his second amended complaint and that he be granted leave to file a third amended complaint will be rejected. His request that defendants' motion to dismiss be denied will not be granted.

On August 14, 2014, McCain filed a motion for extension of time to file objections to the report and recommendation (Doc. 185). This motion was granted and the deadline was extended to September 2, 2014 (Doc. 186). On September 2, 2014, McCain filed another motion for extension of time to September 16, 2014 to file objections (Doc. 192). Since objections to the report and recommendation were

filed on September 8, 2014, this motion will be deemed moot and the objections are deemed timely filed.

The report and recommendation of the magistrate judge (Doc. 182) will be granted.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  October 6, 2014.