# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR HAKIM MCCAIN a/k/a JOHN MCCAIN, | : : : | CIVIL NO.: 1:12-CV-00789 |
| Plaintiff, | : : | (Judge Rambo) |
| v. | : : | |
| JOHN E. WETZEL, *et al.*, | : : : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

**I. Introduction.**

On April 27, 2012, the plaintiff, Amir Hakim McCain, a/k/a John McCain ("McCain"), who is presently housed at the State Correctional Institution in Marienville, Pennsylvania ("SCI-Forest"), commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. *Doc. 1*. Only one of McCain's claims, an Eighth Amendment sexual assault claim, has survived, and only one defendant, Thomas Roegner ("Roegner"), a now retired corrections officer at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"), remains. Before the Court is McCain's motion (*doc. 289*) for summary judgment. For the reasons set forth below, it is recommended that McCain's motion be denied and

this case be listed for trial on the surviving Eighth Amendment claim against Roegner.

**II. Background.**[1]

On August 6, 2014, it was recommended that the defendants' motion (*doc. 134*) to dismiss be granted, except to the limited extent that Roegner did not move to dismiss the First and Eighth Amendment claims asserted against him. *Doc. 182* at 19. Judge Rambo adopted this recommendation and remanded the matter back to the undersigned for further pretrial management of McCain's surviving claims. *See docs. 194, 195*. Thereafter, Roegner filed a motion (*doc. 259*) for partial summary judgment, arguing that he was entitled to judgment as a matter of law with respect to one of McCain's surviving claims, specifically, McCain's First Amendment claim. Although McCain had also filed his own motion (*doc. 289*) for summary judgment, the matter had not been fully briefed, and the period for doing so had not yet passed. Thus, the undersigned, in only addressing Roegner's motion for partial summary judgment, recommended that Roegner's motion be granted because the undisputed evidence demonstrated that McCain's First Amendment claim against Roegner was administratively unexhausted. *See doc. 319*. Judge

---

[1] The Court writes primarily for the parties; therefore, the factual background and procedural history of this case, which is completely and thoroughly set forth in the August 6, 2014 Report and Recommendation (*see doc. 182*), will not be repeated.

Rambo also adopted this recommendation and, once again, remanded the matter back to the undersigned. *See docs. 327, 328*.

McCain's motion for summary judgment, which is now fully briefed, is also ripe for disposition. In his motion, McCain addresses both his First and Eighth Amendment claims. *Doc. 289* at 1. Considering, however, that McCain's First Amendment claim has already been dismissed by the Court from this action, the subject of this Report and Recommendation is solely to address whether McCain's motion for summary judgment should be granted with respect to his Eighth Amendment claim. Because there are genuine disputes of material facts in this case, it is recommended that McCain's motion be denied.

### III. McCain's Motion for Summary Judgment.

McCain has moved for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v. U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).

### A. McCain's Statement of Material Facts is Inadequate.

The Federal Rules of Civil Procedure and the Local Rules of this Court contain specific provisions addressing how parties should present the facts in support of or in opposition to a motion for summary judgment.  In this regard, Fed. R. Civ. P. 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by" either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact."  Local Rule 56.1, in turn, provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."  And, Local Rule 56.1 provides that the party opposing a motion for summary judgment shall file a statement of facts in response to the moving party's statement.  Local Rule 56.1 further provides that "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements" and that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party."

Here, McCain's statement of material facts (*doc. 286*) consists of 15 numbered paragraphs, 14 of which are a cursory recitation of the procedural history in this case. The only other paragraph—specifically, paragraph number 15—primarily focuses on McCain's First Amendment retaliation claim, which, as set forth above, has already been dismissed from this action.[2] To the extent, however, that McCain states that "Defendant Roegner does not deny the strip searches after plaintiff requested a separation to James Barnacle during an investigation regarding abuse allegations against Roegner[,]" *doc. 286* at 3, ¶ 15, McCain has failed to cite to particular parts of materials in the record which demonstrate the absence of a genuine dispute. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Thus, not only is McCain's statement of material facts inadequate, but Roegner, in opposing McCain's motion for summary judgment, has demonstrated genuine disputes of material facts by citing to particular parts of materials in the record. In doing so, Roegner has established that there are genuine issues for trial.

---

[2] Paragraph 16 addresses the relief that McCain is seeking.

## B. McCain's Motion for Summary Judgment Should be Denied.

McCain has moved for summary judgment on his only surviving claim—an Eighth Amendment sexual assault claim. In order to constitute a violation of the Eighth Amendment, McCain's claim of sexual assault must satisfy the two-pronged deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, McCain must demonstrate that Roegner's conduct was objectively serious or caused an objectively serious injury to him (McCain). *See Stubbs v. DeRose*, No. 3CV-03-2362, 2007 WL 776789, at *5 (M.D. Pa. Mar. 12, 2007) (citing *Farmer*, 511 U.S. at 847). Second, McCain must demonstrate that Roegner acted with deliberate indifference or reckless disregard toward McCain's constitutional rights, health, or safety. *See Stubbs*, 2007 WL 776789, at *5 (citing *Farmer*, 511 U.S. at 847).

Upon consideration of McCain's motion for summary judgment, a review of the parties' respective briefing, and a thorough examination of the record, the Court concludes that McCain is not entitled to judgment as a matter of law because there are genuine disputes of material facts in this case. McCain proffers that from September until November of 2010, he was incarcerated by the Pennsylvania Department of Corrections in the Restricted Housing Unit ("RHU") at SCI-Waymart. *Doc. 325* at 20, ¶¶ 5, 7. Pursuant to departmental policy, prisoners in the RHU, prior to leaving their cells, are searched and handcuffed through the cell

door; the handcuffs are then removed, through another door, once the prisoner is secured in a different location, such as the law library, shower room, or yard. *Doc. 305* at 7, ¶ 7. And, pursuant to departmental policy, before these prisoners are escorted by two corrections officers back to their cells, they must be searched and handcuffed again; the handcuffs are then removed in the RHU, through the prisoner's cell door, once the prisoner is inside his cell with the door closed and secured. *Id.* at 7-8, ¶¶ 8, 11; *see also doc. 260-1* at 61:17-21, at 63:15-65:2. In this case, there is a genuine dispute as to whether Roegner had two corrections officers present when he was escorting McCain to and from his cell in the RHU. *See doc. 305* at 8, ¶ 11; *doc. 325* at 20, ¶¶ 5, 7. Further, although Roegner recalls carrying out numerous searches of McCain in the RHU, there is also a genuine dispute as to whether Roegner was inside of McCain's cell when those searches were being conducted. *See doc. 305* at 8, ¶¶ 11, 13; *doc. 325* at 21, ¶ 9. Similarly, there is a genuine dispute as to whether Roegner physically or sexually assaulted McCain, threatened to physically or sexually assault McCain, or fondled and touched McCain during those searches. *Doc. 305* at 8, ¶¶ 14, 15; *doc. 325* at 21, ¶¶ 10, 11. Finally, there is a genuine dispute as to whether Roegner administered any medication or drugs to McCain, *via* McCain's food or drink, in order to force McCain's compliance with the alleged physical and sexual assaults. *Doc. 305* at 8, ¶ 16; *doc. 325* at 21, ¶¶ 11, 12.

Not only is the record immersed in these disputes, but McCain himself has repeatedly recognized that there are genuine disputes of material facts in this case. *See, e.g.*, *doc. 325* at 4 ("There is a genuine issue of material fact of dispute by McCain concerning Roegner has conceded the facts failing to comply to D.O.C. policy escorting McCain without any corrections officer in the [RHU]."); *id.* ("There is a genuine issue of material fact for a trial because McCain testified at a deposition" that Roegner threatened and sexually assaulted him in the RHU); *id.* at 1 ("There is a genuine issue of material facts in dispute[ ] . . . that Roegner was an investigator of himself for . . . sexual assaults against McCain."); *id.* at 5 ("There is a genuine issue of materail [sic] fact for a trial before a judge or a jury."); *id.* at 3 ("McCain attached as evidence his declaration to support that there is a genuine issue of material fact in dispute by McCain for a trial for a judge or a jury to decide."); *id.* at 2 ("There are material disputes of fact for the Court to deny Roegner's brief in opposition to plaintiff's motion [for] summary judgment.").

Thus, considering the genuine disputes of material facts that exist in this case, and in light of McCain's recognition thereof, it is hereby recommended that the Court deny Roegner's motion for summary judgment.

### C. This Case Should be Listed for Trial.

Considering that the discovery period has closed, and the dispositive motions deadline has passed, and that McCain's Eighth Amendment sexual assault claim is the only remaining claim in this action, it is further recommended that this case be listed for trial.

## IV. Recommendations.

Accordingly, **IT IS RECOMMENDED** that McCain's motion (*doc. 289*) for summary judgment be denied.  **IT IS FURTHER RECOMMENDED** that this case be listed for trial on McCain's Eighth Amendment claim against Roegner.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **16th** day of **May, 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge