IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIR McCAIN aka/a JOHN McCAIN,** | : | Civil No. 1:12-cv-789 |
| Plaintiff, | : | |
| v. | : | |
| **JOHN E. WETZEL,** *et al.*, | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court are the following motions filed by Plaintiff Amir Hakim McCain a/k/a John McCain: 1) a request for an injunction and temporary restraining order (Doc. 349); 2) a motion for pretrial proceeding relating to a telephone conference (Doc. 355); and 3) a motion for preliminary injunction and temporary restraining order (Doc. 360). The defendants have responded to the motions.

## I. Relief Sought

In his first request for an injunction and temporary restraining order (Doc. 349), McCain alleges that he did not consent to defense counsel obtaining his mental health records and providing same to the court for an *in camera* review. McCain argues that counsel for Defendant Roegner should not have had access to those records and that they only should have been provided to the court through counsel for the Department of Corrections.

In his motion for pretrial proceeding related to a telephone conference (Doc. 355), McCain seeks an additional conference call, to be recorded, to show that Magistrate Schwab may have had ex parte communications with defense counsel during his absence. He also again argues that his medical records were released without his consent and without court order.

In his renewed request for a preliminary injunction and temporary restraining order (Doc. 360), McCain seeks a hearing, a recording of a telephone conference with the court held on January 12, 2017, to be transferred into the court's custody, and to have counsel for Defendant Roegner removed from the case.

## II. Legal Standard

### A. Requirements for a preliminary injunction and/or temporary restraining order

In deciding whether to issue a preliminary injunction or temporary restraining order, the court must consider the following factors: (1) the likelihood of success on the merits; (2) irreparable harm resulting from a denial of relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. *Ortho Pharmaceutical Corp. v. Amgen*, 882 F.2d 806, 812-13 (3d Cir. 1989).

### B. Law of the Case

Law of the case principles also apply to the instant motions. In *Arizona v. California*, 460 U.S. 608 (1983), the Supreme Court explained that, "[u]nlike the

more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Id.* at 618. Only in extraordinary circumstances will the court permit reconsideration of an issue previously decided in the same case. They include situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice. *See Bridge v. U.S. Parole Commission*, 981 F.2d 97, 103 (3d Cir. 1992).

### III. Discussion

**A. Request for an injunction and temporary restraining order (Doc. 349)**

By order dated April 23, 2015, the Department of Corrections was ordered to produce McCain's mental health records to the court for an in camera review. (Doc. 252 at p. 2; Doc. 257 at pp. 2-3.) By requesting copies of his medical records for use in this case, McCain made those documents relevant thereby entitling Defendant Roegner's attorney to discovery of those same documents.

**B. Motion for pretrial proceeding relating to a telephone conference (Doc. 355)**

As respondent points out, the issues McCain raises in this motion were addressed by the court through prior briefing and telephone conferences. (See Doc.

358, p. 4.) McCain's prior motions alleging that his mental health records should not have been obtained were all denied by the court. These orders are the law of the case.

### C. Motion for preliminary injunction and temporary restraining order (Doc. 360)

The issues raised in this motion have been addressed by the court and remain the law of the case. (*See* Docs. 248, 252, 253, 255, 257, 271, 273, 275, 276, 283, 344-45, 352.)

### IV. Conclusion

McCain is advised that discovery in this case concluded in August 2015 (Doc. 268) and dispositive motions have been decided. The only matter pending is his claim against Defendant Roegner for a violation of his Eighth Amendment right arising out of strip searches. The motions will be denied, and a date for trial will be set. An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: May 17, 2017