# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOHN McCAIN, | : | |
| Plaintiff | : | |
| | : | No. 1:12-cv-789 |
| v. | : | |
| | : | (Judge Rambo) |
| JOHN E. WETZEL, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

This matter is before the Court pursuant to several post-trial motions filed by *pro se* Plaintiff John McCain ("Plaintiff"), namely: (1) a motion for notes of testimony (Doc. No. 506); (2) a motion for a new trial (Doc. No. 510); (3) motion for a subpoena (Doc. No. 515); and (4) motion for recusal (Doc. No. 517). For the following reasons, all of Plaintiff's motions will be denied.

## I. BACKGROUND

Plaintiff, who is currently incarcerated at the State Correctional Institution Forest in Marienville, Pennsylvania ("SCI Forest"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 on April 27, 2012. (Doc. No. 1.) Plaintiff raised several claims, including a claim that while incarcerated at SCI Waymart in 2010, Defendant Roegner sexually abused him during strip searches that occurred when he was entering or exiting his cell in the Restricted Housing Unit before and after visiting the law library, exercise yard, and showers. (*Id.*) Over the course of litigation, all of Plaintiff's claims, except for his claim regarding sexual

abuse during strip searches, were dismissed. (Doc. Nos. 50, 64, 182, 194, 195, 319, 327, 328, 335, 339, 340). On September 9 and 10, 2019, the Court held a jury trial with respect to Plaintiff's remaining claim. After Plaintiff rested his case, Defendant Roegner moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. The Court granted the motion and enter judgment in favor of Roegner. (Doc. No. 504.)

Plaintiff has now filed four (4) post-trial motions. First, he requests that the Court provide him a transcript of the jury trial so that he can prepare a motion for a new trial. (Doc. No. 506.) Second, Plaintiff requests a new trial, against requesting a trial transcript and vaguely referencing testimony given by Defendant Roegner about the review of video footage. (Doc. Nos. 510, 511.) Plaintiff also seeks a subpoena to obtain the logbook of each individual who inspected any monitoring of the video cameras in the RHU from September 27-30, 2010. (Doc. No. 515.) Finally, Plaintiff seeks recusal of the undersigned, arguing that the undersigned has a conflict of interest because of a previous lawsuit he filed against her. (Doc. No. 517.) The Court considers each in turn below.

## II. DISCUSSION

### A. Motion for Recusal

The Court will first discuss Plaintiff's motion for recusal because, if recusal were necessary, the undersigned would be unable to rule upon Plaintiff's other motions. Plaintiff seeks recusal on the basis that the undersigned has a conflict of interest because of a prior lawsuit Plaintiff filed against her. Plaintiff is referring to *McCain v. Schwab*, No. 1:18-cv-1187 (M.D. Pa.). In that matter, Plaintiff filed suit on July 11, 2018 against Chief Magistrate Judge Susan E. Schwab, Deputy Attorney General Lindsey Bedell, and Medical Administrator Kim Smith. *Id.* (Doc. No. 1). The case was assigned to Judge Juan Sánchez of the Eastern District of Pennsylvania for further proceedings. *Id.* (Doc. No. 8). In an Order dated October 5, 2018, Judge Sánchez denied Plaintiff's motion for leave to proceed *in forma pauperis* because Plaintiff has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g). *Id.* (Doc. No. 9). Plaintiff was advised that if he failed to submit $400.00 for the filing fee, his case would be dismissed for failure to prosecute. *Id.* Plaintiff subsequently sought reconsideration, which was denied. *Id.* (Doc. No. 11). Plaintiff did not submit the $400.00; instead, he submitted an amended complaint which added the undersigned as a defendant. *Id.* (Doc. No. 13). In an Order dated January

16, 2019, Judge Sánchez dismissed the case without prejudice for failure to prosecute.[1] *Id.* (Doc. No. 15).

Plaintiff now seeks recusal of the undersigned based upon that lawsuit. The United States Code provides two (2) avenues for litigants to seek recusal of the presiding judge—28 U.S.C. § 144 and 28 U.S.C. § 455. Plaintiff does not specify under which section he seeks recourse; accordingly, the Court considers both below.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . . It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. While Plaintiff submitted a motion and corresponding brief requesting recusal, he did not provide an affidavit as required by § 144. Even if Plaintiff had submitted an affidavit, "the mere filing of an affidavit of prejudice does not require a judge to recuse [herself]." *Williams v. N.Y.C. Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting *Nat'l Auto Brokers Corp. v. Gen.*

---

[1] After the case was dismissed, Plaintiff filed two (2) amended complaints, a motion for a preliminary injunction an d temporary restraining order, a motion to reopen the case, and a motion for a time limit for service. The case, however, remains closed.

*Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978)). Rather, the judge must review the facts detailed in the affidavit for legal sufficiency and not recuse herself unnecessarily. *Id.* (citing *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966)).

Because deficiencies in the form of the affidavit can be grounds for denying a party's motion, the form must be "strictly scrutinized." *Id.* Section 144 requires a certificate of counsel of record and, without one, a recusal request can fail solely on this ground. *Id.* Counsel's certificate "provides a safeguard that counsel of record can attest to the facts alleged by the affiant as being accurate." *Id.* (citing *Lamborn v. Dittmer*, 726 F. Supp. 510, 515 (S.D.N.Y. 1989)). Courts have concluded that because a *pro se* party cannot provide a certificate of counsel, a *pro se* litigant cannot file the required affidavit and, thus, cannot bring a request for recusal under Section 144. *Id.*; *Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996) (noting that the certificate of counsel requirement prevents abuse of Section 144). In this case, Plaintiff's motion lacks both an affidavit and certificate of counsel. Accordingly, Plaintiff's motion will be denied to the extent he seeks recusal under § 144.

Section 455 requires a judge to disqualify herself if she, among other reasons, "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Recusal is also required if the judge's "impartiality might reasonably be questioned."

*Id.* § 455(a). The Court must objectively review its rulings and statements to determine whether a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Conklin v. Warrington Twp.*, 476 F. Supp. 2d 458 (M.D. Pa. 2007). However, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 272, 278 (3d Cir. 2000). Moreover, "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977). An objective review of the Court's rulings in this case shows no signs of personal bias or prejudice towards Plaintiff. Rather, the Court has made its decisions based on the law and facts of this case and has been patient with Plaintiff's countless *pro se* filings in this matter. Moreover, Plaintiff does not sufficiently describe, and the Court does not discern, how his act of naming the undersigned as a defendant in a now-closed lawsuit calls into question her impartiality. Accordingly, Plaintiff's motion will also be denied to the extent he seeks recusal under § 455.

    **B.    Motions for Notes of Testimony and for a New Trial**

Plaintiff has also filed a motion for notes of testimony, presumably seeking a copy of the trial transcript without cost to him. (Doc. No. 506.) He has also filed a motion for a new trial, again requesting a trial transcript and vaguely referring to

Defendant Roegner's testimony regarding "the monitored CCTV." (Doc. Nos. 510, 511.)

The Federal Rules of Civil Procedure provide that the Court "may, on motion, grant a new trial on all or some of the issues—and to any party—. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). For example, a court may grant a new trial where "(1) there is a significant error of law, to the prejudice of the moving party; (2) the verdict is against the weight of the evidence; (3) the size of the verdict is against the weight of the evidence; or (4) counsel engaged in improper conduct that had a prejudicial effect on the jury." *Todd v. Luzerne Cty. Children & Youth Servs.*, No. 04-2637, 2011 WL 841429, at *2 (M.D. Pa. Mar. 8, 2011). Here, however, Plaintiff's brief in support of his motion for a new trial is extremely vague and sets forth no substantial basis for the relief requested. He appears to focus on video footage that was reviewed after he was allegedly abused, but Defendant Roegner notes, and the Court agrees, that such monitoring is irrelevant because Plaintiff failed to present any evidence at trial that the alleged abuse actually occurred. Thus, Plaintiff has failed to set forth a meritorious basis for a new trial, and his motion for a new trial will therefore be denied.

The rules regarding fees charged and collected for transcripts are set forth in 28 U.S.C. § 753(f), which states:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. . . . Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f). As a civil litigant proceeding *in forma pauperis*, Plaintiff, therefore, is not entitled to be furnished with transcripts paid for by the United States unless this Court or a circuit judge with the United States Court of Appeals for the Third Circuit certifies that his appeal is not frivolous and that it presents a substantial question on review. *Id.*; *see also Harvey v. Dombrowski*, No. 3:01-CV-1768, 2009 WL 363537, at *1 (M.D. Pa. Feb. 12, 2009); *cf. Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 600-01 (3d Cir. 1989) (discussing generally procedure for providing transcripts to indigent appellant in civil proceedings on appeal, including that the appeal be permitted *in forma pauperis* and that "the required certification must be made").

As noted above, Plaintiff has not set forth any meritorious basis for a new trial. Accordingly, the Court finds it appropriate to deny his request to be furnished with a trial transcript free of charge. To the extent Plaintiff wishes to obtain a copy of the trial transcript at his own expense, he must submit a transcript purchase order to the court reporter who transcribed the trial proceedings in this action. The Court's denial of Plaintiff's motion for notes of testimony, however, does not prevent Plaintiff from seeking the same relief in the Third Circuit should he appeal from this Court's judgment.

### C. Motion for a Subpoena

Finally, Plaintiff has filed a motion for a subpoena, requesting an Order directing the Clerk of Court to issue a subpoena *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure so that Plaintiff can inspect the "logbook for each individual that inspected the monitoring of video cameras dated 9-27-2010 in the [RHU] until 9-30-2010." (Doc. No. 515 at 1.)

"The normal rules governing discovery pertain to the period between the pleadings and trial." *Goldy v. Beal*, 91 F.R.D. 451, 454 (M.D. Pa. 1981). The United States Court of Appeals for the Sixth Circuit has noted that, in instances where post-trial discovery is requested, "it is well within [the district judge's] discretion to require the moving party to make a showing in support of its allegations before

9

requiring the prevailing party to submit a second time to extensive discovery to protect his judgment." *H. K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). Here, Plaintiff has not made such a showing. It appears that Plaintiff's entire purpose in seeking a subpoena is to investigate further "the possibility of relief if any evidence of constitutional violations materializes." *Goldy*, 91 F.R.D. at 456. As this Court previously noted, "[w]hile such a 'fishing expedition' might be appropriate before trial, it cannot be authorized now." *Id.* Accordingly, the Court will deny Plaintiff's motion for a subpoena.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's post-trial motions (Doc. Nos. 506, 510, 515, 517) will be denied. An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: October 24, 2019